KEARNEY and ASSOCIATES, P.C.
BY: Linda L. Campbell, Esquire
210 WHITE HORSE PIKE, P.O. BOX 279
HADDON HEIGHTS, NJ 08035
(856) 547-7733

RECEIVED-CLERK
U.S. DISTRICT COURT

2010 MAY 11  P 4: 14

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK SHAW, | **CAMDEN VICINAGE** |
| Plaintiff(s) | (Civil Action) |
| vs. | DOCKET NO: 1:10 cv 01372-NHL-AMD |
| KEVIN PERRY badge number 1294, JASON STETSER badge number 315, M. MOORE badge number 1009 J. GALAZZI badger number 1296 CHIEF JOHN S. THOMPSON, CITY OF CAMDEN CITY, CAMDEN POLICE DEPARTMENT DEPARTMENT OF TREASURY(NJ) and John Doe (fictitious name) | |
| | **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant(s) | |

Plaintiff, Frank Shaw, an adult, residing at 1204 Thurman Street, Camden, New Jersey, says by way of Complaint as follows:

### INTRODUCTION

On March 27, 2008, at approximately 3:00 a.m., the Plaintiff was standing outside his residence.

On the above date, the officers alleged they observed the Plaintiff engage in a hand to hand transaction of a controlled substance with an unknown black male. The officers alleged that they saw the Plaintiff open his front door and pick up a clear plastic sandwich bag inside the doorway. The Plaintiff was approached by Officers

Kevin Perry and Jason Stetser. One of the Officers conducted a "pat down" of the Plaintiff. One of the Officers planted drugs in the Plaintiff's pocket during the "pat down".

The Plaintiff was arrested for possession of a control substance, distribution and/or possession with the intent to distribute within a 1000 feet of a school and Violation of N.J.S.A. 2C:35-5.

The Plaintiff was indicted and pled guilty to one count of the indictment. The Plaintiff was sentenced on August 11, 2008 to four (4) years.

On December 18, 2009, The State of New Jersey vacated the conviction. As a result of the false arrest, the Plaintiff spent over one (1) year in prison.

## PARTIES

1.      Plaintiff, Frank Shaw, resides at 1204 Thurman Street, Camden, New Jersey.

2.      Upon information and belief, Defendants, KEVIN PERRY badge number 1294, JASON STETSER badge number 315, M. MOORE badge number 1009, and J. GALAZZI badger number 1296, are adults residing in Camden County, New Jersey.

At all times, Defendants, KEVIN PERRY badge number 1294, JASON STETSER badge number 315, M. Moore badge number 1009, and J. GALAZZI badge number 1296, are Law Enforcement Officers in the Camden City Police Department. Defendants, KEVIN PERRY badge number 1294, JASON STETSER badge number 315, M. MOORE badge number 1009, and J. GALAZZI badger number 1296, were acting by virtue of their position as Law Enforcement Officers of the Camden City Police Department and under the color of the law, Officers KEVIN PERRY badge number

1294, JASON STETSER badge number 315, J. GALAZZI badger number 1296 and Detective M. MOORE badge number 1009 are sued individually and in their official capacity as a member of the Camden City Police Department.

3.     Upon information and belief, The City of Camden is a municipality chartered by the State of New Jersey and as such is a political subdivision of the State of New Jersey and among its other functions operates and maintains a police force known as the Camden City Police Department. Camden City is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the Camden City and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of New Jersey.

4.     Upon information and belief, Camden Police Department is an organization with a responsibility to preserve the peace of the Camden City and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of New Jersey.

5.     Upon information and belief, Defendant Chief John T. Thompson is an adult residing in Camden County, New Jersey. At all times, Defendant Chief John T. Thompson was the Chief of police of the Camden City Police Department. Defendant Chief John T. Thompson was acting by virtue of his position as the Chief of Police of the Camden City Police Department and under the color of the law. Chief John T. Thompson is sued individually and in his official capacity as a member of the Camden City Police Department.

3

6.     Upon information and belief, Defendant John Doe is a Law Enforcement Officer in the Camden City Police Department.  Defendant John Doe was acting by virtue of his position as a Law Enforcement Officer of the Camden City Police Department and under the color of the law.  Defendant John Doe is being sued individually and in his official capacity as a member of the Camden City Police Department.

7.     Upon information and belief, the New Jersey Department of the Treasury is responsible for paying citizens who have been wrongly imprisoned.

## JURISIDICTION

1.     The Plaintiff is a citizen of the United States.

2.     The Defendants violated the Plaintiff's constitutional rights as guaranteed under the United States Constitution.

3.     The incident which gave rise to this cause of action occurred within this jurisdiction with two years of the filing of this Complaint.

4.     The jurisdiction is proper pursuant to Federal questions.

5.     The Plaintiff avers that the Defendants do not have immunity for violating the civil rights of citizens.

## FACTS

1.     The Plaintiff is a resident of 1204 Thurman Street, Camden, NJ.

2.     On March 27, 2008, at approximately 3:33 a.m., the Plaintiff was standing in front of his front door.

3.      The Defendants, Officers Kevin Perry and Jason Stetser alleged they were conducting uniform surveillance on the corner of Louis and Thurman Street, Camden New Jersey.

4.      The Defendants, Officers Kevin Perry and Jason Stetser stated they observed the Plaintiff whistling at vehicles as they passed.

5.      The Defendants, Officers Kevin Perry and Jason Stetser stated they observed a stocky male approach the Plaintiff and engage him in conversation.

6.      The Defendants, Officers Kevin Perry and Jason Stetser stated they saw the unknown stocky male hand the Plaintiff U.S. currency and the Plaintiff handed the unknown black male a clear plastic bag.  This male left the area.

7.      The Defendants, Officers Kevin Perry, Jason Stetser and J. Galazzi claim they saw the Plaintiff walking to 1204 Thurman Street and pick up a small plastic sandwich bag from just inside the doorway of said residence.

8.      The Plaintiff was approached by Officers Kevin Perry, Jason Stetser, and J. Galazzi and the Plaintiff was searched.

9.      One of the Officers conducted a "pat down" of the Plaintiff.

10.     The Defendants planted drugs on the Plaintiff.  The Plaintiff did not have any illegal drugs on his person.

11.     The Defendants, Officer Kevin Perry and/or Officer Jason Stetser and/or Officer J. Galazzi claimed they found crack cocaine, a controlled substance on the Plaintiff.

12.     The Defendants illegally searched the Plaintiff's home.

13.     The Defendants' claim they found drugs in the Plaintiff's home.

14.     The Plaintiff was arrested.  Detective M. Moore reviewed the probable cause statement and determined there was probable cause to issue a Warrant Complaint.

15.     On June 6, 2008, the Grand Jury issued a True Bill.  The Plaintiff was charged with possession of a control substance, distribution and/or possession with the intent to distribute, within a 1000 feet of a school and Violation of N.J.S.A. 2C:35-5.

16.     The Plaintiff was offered a plea to one count and a sentence to four (4) years.

17.     The Plaintiff did not want a risk a conviction on all of the counts and be exposed to a long prison sentence.

18.     The Plaintiff spent 18 months in prison.

19.     On December 18, 2009, the Judgment of Conviction was vacated. (Attached hereto as **EXHIBIT A**).

20.     Upon information and belief, the Defendants, Officers Kevin Perry, Jason Stetser, and J. Galazzi have been suspended without pay pending the investigation.

**COUNT ONE**

1.     Plaintiff, Frank Shaw, an adult, incorporates herein by reference the allegations contained in the Facts as if fully set forth herein at length.

2.     Upon information and belief, at said date and place, Officers Kevin Perry, Jason Stetser, J. Galazzi, and Detective M. Moore were acting in the course of his employment as a Law Enforcement Officer.

3.     Upon information and belief, at said date and place, the Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore planted drugs on the Plaintiff, made false reports, committed perjury, illegally searched the Plaintiff's residence, and falsely imprisoned the Plaintiff.

4.     Upon information and belief, at said date and place, the Defendants Officers Kevin Perry, Jason Stetser and J. Galazzi claimed they observed the Plaintiff engage in the sale of a controlled substance. The Defendants confronted the Plaintiff at his residence.

5.     Upon information and belief, at said date and place, the Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore made false allegations and manufactured testimony and evidence to illegally convict the Plaintiff.

6.     Upon information and belief, at said date and place, the Defendant, Detective M. Moore did not investigate the veracity of the facts in the Probable Cause Statement and issued a Probable Cause determination for the issuance of a Warrant Complaint.

7.     The Plaintiff was indicted on false information, planted drugs, perjured testimony, falsified reports/documents, and an illegal search of the Plaintiff's home.

8.     The Plaintiff was offered to plea to one count of the indictment and four (4) years in prison.

9.     The Plaintiff spent 18 months in prison.

10.     As a direct and proximate result of the intentional act of the Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, the

Plaintiff was falsely imprisoned. The Plaintiff lost the ability to earn a living and was robbed of his freedom. In addition, the Plaintiff has potential limitations on his future employment.

**WHEREFORE,** the Plaintiff, Frank Shaw demands Judgment against Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore jointly, severally, and in the alternative for such sum of money for, actual, exemplary, punitive damages, attorney's fees, damages as allowed under 42 U.S.C. §§ 1983 and costs of the suit to the extent permitted by law or equity.

## COUNT TWO

1.     Plaintiff, Frank Shaw, individual, incorporates herein by reference the allegations contained in the Facts and the First Count as if fully set forth herein at length.

2.     At all times herein, Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore were acting as the agent, servant, and/or employee of Defendant, Camden City Police Department, who are responsible for the hiring, monitoring, and/or proper training of its officers.

3.     At said date and place, the Defendant, Camden City of Police Department was negligent in allowing Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore to be employed as Law Enforcement Officers and/or not providing proper training as legally gathering evidence, producing truthful reports, and not committing perjury to obtain a conviction.

4.     As a direct and proximate cause of the Defendants, Chief John S. Thompson and Camden City Police Department's negligence and carelessness in

8

hiring, monitoring, and/or improper training of Defendants, Officer Kevin Perry, Officer Jason Stetser, Officer Galazzi, and/or Detective M. Moore, the Plaintiff was falsely imprisoned and suffered injuries and economic damages.

5.     As a direct and proximate result of the intentional act of the Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, the Plaintiff was imprisoned for 18 months.  The Plaintiff lost the ability to earn a living and was robbed of his freedom.  In addition to said injuries, the Plaintiff has potential limitations on his future employment.

**WHEREFORE,** the Plaintiff, Frank Shaw, demands Judgment against Defendants jointly, severally and in the alternative for such sum of money for, actual damages, equitable damages, punitive damages, and exemplary damages, together with interest, reasonable attorney's fees, damages as allowed under 42 U.S.C. §§ 1983and costs of the suit to the extent permitted by law or equity.

## COUNT THREE

1.     Plaintiff, Frank Shaw, incorporates herein by reference the allegations contained in the Facts and prior Counts as if fully set for herein at length.

2.     Upon information and belief, at the time of incident, at all times herein, Defendants Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, Chief John S. Thompson, and the Camden City Police Department violated the Plaintiff's civil rights as guaranteed under the Federal Constitution and the Constitution of New Jersey including but not limited to:

a.     freedom from unlawful arrest and seizure;

b.     freedom from prosecution without probable cause;

c.      freedom from the use of unreasonable, unjustified and excessive force;

d.      right of due process of law;

e.      freedom from deprivation of liberty, and property without due process of law;

f.      freedom from unreasonable search and seizures;

g.      right to enjoy and defend life and liberty;

h.      right to pursue and obtain safety and happiness; and

i.      right to any other natural and unalienable right retained by the people.

3.      As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff being falsely, maliciously and unlawfully arrested and detained and thereby deprived of his right to be free from unreasonable and unlawful seizure of his person, to the equal protection of law and to due process of law in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. 1983, and the laws of the State of New Jersey.

**WHEREFORE,** the Plaintiff, Frank Shaw, demands Judgment against Defendants jointly, severally, and in the alternative for such sum of money for actual equitable punitive and exemplary damages together with interest, reasonable attorney fees damages as allowed under 42 U.S.C. §§ 1983 and costs of the suit to the extent permitted by law or equity.

## COUNT FOUR

1.      Plaintiff, Frank Shaw, incorporates herein by reference the allegations contained in the Facts and prior Counts as if fully set for herein at length.

2.      Upon information and belief, at the time of incident, at all times herein, Defendants Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M.

10

Moore, Chief John S. Thompson, and the Camden City Police Department, violated the Plaintiff's civil rights as guaranteed under the Federal Constitution and the Constitution of New Jersey.

3.      The Defendants, Chief John S. Thompson and the Camden City Police Department are under a duty to supervise the members of their police force and to ensure that the policing activities of the Police Departments are run in a lawful manner, preserving to the citizens of New Jersey the rights, privileges and immunities guaranteed to them by the Constitution of the United States and the State of New Jersey.

4.      The Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, Chief John S. Thompson, and the Camden City Police Department permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice or custom of its Law Enforcement Officers to violate the constitutional rights of the public at large, including the Plaintiff.

5.      The actions of Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore were unreasonable, unjustified, unconstitutional, and deprived the Plaintiff of his constitutional rights of the United States Constitution and the Constitution of the State of New Jersey.

6.      The Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, Chief John S. Thompson, and the Camden City Police Department are directly liable to the Plaintiff for damages due to the policy, ordinances, regulations or decisions formally adopted and promulgated by the

Government rule makers which were in effect at the time of this incident and which were the underling cause of the Plaintiff's injuries.

7.     The Defendants, Chief John S. Thompson and the Camden City Police Department did not train their officers in the proper procedure for arrest and/or gathering of evidence and/or detention.  The failures to train the officers lead to the violations on Constitutional rights, resulted in Plaintiff being falsely, maliciously and unlawfully arrested and detained and thereby deprived of his right to be free from unreasonable and unlawful seizure of his person, to the equal protection of law and to due process of law in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. §§ 1983, and the laws of the State of New Jersey.

8.     Defendants, Chief John S. Thompson and the Camden City Police Department knew or should have known that these officers were planting evidence, forcing confessions, entering and searching without a warrant, lying and/or committing perjury and sending citizens to jail on fraudulent and/or improperly obtain evidence.  These Defendants failed to stop these officers from committing the above listed abuses.  The failure to stop these officers, led to the violations of the Plaintiff's Constitutional rights.

9.     The Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, Chief John S. Thompson, and the Camden City Police Department have formally adopted the standard operating procedure of the Internal Affairs Unit to favor statements of the Law Enforcement Officers over statements of the citizen complaining of police abuse or misconduct, resulting in exoneration of the

officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned and ratifies by Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, Chief John S. Thompson, and the Camden City Police Department thus creating an atmosphere of illegal and unconstitutional behavior is deliberate indifference and reckless disregard of the welfare of the public at large.

10.     The Defendants, Chief John S. Thompson and the Camden City Police Department have a well-settled practice of refusing to adequately respond to and investigate complaints and well settled practice of refusing to adequately respond to and investigate complaints regarding officer's misconduct to citizens.

11.     The Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, Chief John S. Thompson, and the Camden City Police Department knew of a code of silence that existed between their officers whereby the officers would not report misconduct of other officers to their superiors and failed to take steps to break the code of silence.

12.     As a direct and proximate result of the acts and omissions of the Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, Chief John S. Thompson, and the Camden City Police Department, the Plaintiff's constitutional rights were violated and the Plaintiff was falsely, maliciously and unlawfully arrested and detained and thereby deprived of his right to be free from unreasonable and unlawful seizure of his person, to the equal protection of law and to due process of law in violation of the Fourth and Fourteenth Amendments of the

Constitution of the United States, 42 U.S.C. §§ 1983, and the laws of the State of New Jersey.

**WHEREFORE,** the Plaintiff, Frank Shaw, demands Judgment against Defendants jointly, severally, and in the alternative for such sum of money for actual equitable punitive and exemplary damages together with interest, reasonable attorney fees damages as allowed under 42 U.S.C. §§ 1983 and costs of the suit to the extent permitted by law or equity.

**COUNT FIVE**

1.      Plaintiff, Frank Shaw, an adult, incorporates herein by reference the allegations contained in the Facts and prior Counts as it fully set forth herein at length.

2.      At all times herein, Defendant John Doe was acting as the agent, servant and/or employee of Defendant, Camden City Police Department.

3.      At said date and place, the Defendant John Doe was intentionally and/or negligent arrested the Plaintiff, Frank Shaw.

4.      At said date and place, the Defendant John Doe was negligent and careless in not stopping Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore arresting the Plaintiff.

5.      At said date and place, the Defendant John Doe was negligent and careless in not protecting the Plaintiff from Defendants, Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore in their false allegation.

6.      As a direct and proximate result of the intentional act of the Defendants Officers Kevin Perry, Jason Stetser, J. Galazzi, and/or Detective M. Moore, the

Plaintiff was falsely sent to prison for 18 months.  The Plaintiff lost the ability to earn an income and was robber of his freedom.  In addition, the Plaintiff has potential limitations on his future employment.

**WHEREFORE,** the Plaintiff, Frank Shaw, demands Judgment against Defendants jointly, severally, and in the alternative for such sum of money for, actual damages, equitable damages, punitive damages, and exemplary damages, together with interest, reasonable attorney's fees, damages as allowed under 42 U.S.C. §§ 1983 and costs of the suit to the extent permitted by law or equity.

**COUNT SIX**

1.	Plaintiff, Frank Shaw, individual, incorporates herein by reference the allegations contained in the Facts, and prior Counts as if fully set forth herein at length.

2.	On March 27, 2008, the Plaintiff was arrested.

3.	Detective M. Moore was responsible for reviewing the probable cause statement and to determine if there was probable cause to issue a warrant complaint.

4.	Detective M. Moore determined there was probable cause to issue a warrant complaint.

5.	Detective M. Moore was negligent in reviewing the probable cause statement and determined there was probable cause to issue a warrant complaint.

6.	The Plaintiff was indicted on false information, planted drugs, perjured testimony, falsified reports/documents, and an illegal search of the Plaintiff's home.

7.	The Plaintiff was offered to plea to one count of the indictment and four years prison.

8.     The Plaintiff spent 18 months in prison.

9.     As a direct and proximate result of the negligence of Defendant Detective M. Moore, the Plaintiff was falsely imprisoned. The Plaintiff lost the ability to earn a living and was robbed of his freedom.  In addition, the Plaintiff has potential limitations on his future employment.

**WHEREFORE,** the Plaintiff, Frank Shaw demands Judgment against Defendant Detective M. Moore jointly, severally, and in the alternative for such sum of money for, actual, exemplary, punitive damages, attorney's fees, damages as allowed under 42 U.S.C. §§ 1983 and costs of the suit to the extent permitted by law or equity.

## COUNT SEVEN

1.     Plaintiff, Frank Shaw, individual, incorporates herein by reference the allegations contained in the Facts, and prior Counts as if fully set forth herein at length.

2.     The Defendants are guilty of Malicious Prosecution.

3.     On March 27, 2008, the Plaintiff was arrested, without probable cause.

4.     The Defendants engages in planting evidence, creating false reports, warrantless searches and committing perjury.

5.     The Plaintiff was indicted on false information, planted drugs, perjured testimony, falsified reports/documents, and an illegal search of the Plaintiff's home.

6.     The Plaintiff was offered to plea to one count of the indictment and four (4) years in prison.

7.     The Plaintiff spent 18 months in prison.

16

8.      As a direct and proximate result of the Defendants actions, the Plaintiff was falsely imprisoned. The Plaintiff lost the ability to earn a living and was robbed of his freedom.      In addition, the Plaintiff has potential limitations on his future employment.

**WHEREFORE,** the Plaintiff, Frank Shaw demands Judgment against the Defendants jointly, severally, and in the alternative for such sum of money for, actual, exemplary, punitive damages, attorney's fees, damages as allowed under 42 U.S.C. §§ 1983 and costs of the suit to the extent permitted by law or equity.

## COUNT EIGHT

1.      Plaintiff, Frank Shaw, individual, incorporates herein by reference the allegations contained in the Facts, and prior Counts as if fully set forth herein at length.

2.      The Department of the Treasury should pay the Plaintiff for the 18 months he spent in prison. Under NJ ST 52:4C1-6.

3.      On March 27, 2008, the Plaintiff was arrested without probable cause.

4.      The Defendants engages in planting evidence, creating false reports, warrantless searches and committing perjury.

5.      The Plaintiff was indicted on false information, planted drugs, perjured testimony, falsified reports/documents, and an illegal search of the Plaintiff's home.

6.      The Plaintiff was offered to plea to one count of the indictment and four (4) years in prison.

7.      The Plaintiff spent 18 months in prison.

8.    As a direct and proximate result of the Defendant's actions, the Plaintiff was falsely imprisoned.  The Plaintiff lost the ability to earn a living and was robbed of his freedom.   In addition, the Plaintiff has potential limitations on his future employment.

**WHEREFORE,** the Plaintiff, Frank Shaw demands judgment against the Department of the Treasury jointly, severally, and in the alternative for such sum of money for, actual, exemplary, punitive damages, attorney's fees, damages as allowed under 42 U.S.C. §§ 1983 and costs of the suit to the extent permitted by law or equity.

<u>**COUNT NINE**</u>

1.    Plaintiff, Frank Shaw, individual, incorporates herein by reference the allegations contained in the Facts, and prior Counts as if fully set forth herein at length.

2.    In being, falsely arresting with planted evidence and imprisoning and maliciously prosecuting Plaintiff, the Defendants acted intentionally or recklessly, intending to produce emotional distress or with a deliberate disregard of a high degree of probability that emotional distress will result.

3.    Defendants' conduct was extreme and outrageous in as much as the arrest, imprisoning and maliciously prosecuting the Plaintiff without probable cause, exceeds all possible bounds of decency and is atrocious and utterly intolerable in a civilized community.

4.     The Defendants' actions were the proximate cause of Plaintiff's emotional distress, which Plaintiff suffered and which no person could be expected to endure.

## CIVIL RIGHTS ACTION
### §1983

1.    Plaintiff, Frank Shaw, individual, incorporates herein by reference the allegations contained in the Facts, and prior Counts as if fully set forth herein at length.

2.    The conduct of Defendants, acting individually and in conspiracy with others, resulted in Plaintiff being falsely, maliciously and unlawfully arrested and detained and thereby deprived of his right to be free from unreasonable and unlawful seizure of his person, to the equal protection of law and to due process of law in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. §§ 1983, and the laws of the State of New Jersey.

KEARNEY and ASSOCIATES, P.C.

By: _____
Linda L. Campbell, Esquire
Attorney for Plaintiff

Dated: 5/11/2010

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state under oath or certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured there under; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

KEARNEY and ASSOCIATES, P.C.

By: _____
Linda L. Campbell, Esquire
Attorney for Plaintiff

Dated: 5/11/2010

21

## JURY TRIAL DEMANDED

Plaintiff, Frank Shaw, hereby demands trial by a jury.

**KEARNEY and ASSOCIATES, P.C.**

By: _____

Linda L. Campbell, Esquire
**Attorney for Plaintiff**

Dated: 5/11/2010

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Federal rules and New Jersey Court, Linda L. Campbell, Esquire is designated as trial counsel for the Plaintiff in the above matter.

**KEARNEY and ASSOCIATES, P.C.**

By: _____

Linda L. Campbell, Esquire
**Attorney for Plaintiff**

Dated: 5/11/2010

## CERTIFICATION PURSUANT TO R. 4:5-1

Plaintiff, by his attorney, hereby certifies that no other action regarding the matters alleged in this Complaint are related to any other existing case or controversy nor is any related action contemplated at this time.

By: _____

Linda L. Campbell, Esquire
**Attorney for Plaintiff**

Dated: 5/11/2010